# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

-----------------------------------------------------------------------x

Moshe Goldberg,

        Plaintiff,                     **C.A. No.:** 3:21-cv-14460

      -against-                      **DEMAND FOR JURY TRIAL**

Transunion, LLC,
Experian Information Solutions, Inc.,
Barclays Bank Delaware,
American Express Company,

          Defendant(s).

-----------------------------------------------------------------------x

## COMPLAINT

    Plaintiff Moshe Goldberg ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Transunion, LLC ("Transunion"), Defendant Experian Information Solutions, Inc ("Experian"), Defendant Barclays Bank Delaware ("Barclays") and Defendant American Express Company ("Amex") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3.   Plaintiff brings this action for damages arising from the Defendant's violations of 15

U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4.   Plaintiff is a resident of the State of New Jersey, County of Ocean.

5.   At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15

U.S.C. § 1681a(c).

6.   Defendant Transunion, LLC is a consumer reporting agency as defined by 15 U.S.C.

§ 1681a(f) and conducts substantial and regular business activities in this judicial district.

Defendant Transunion is a Delaware corporation registered to do business in the State of

New Jersey, and may be served with process upon the Prentice-Hall Corporation System,

its registered agent for service of process at 830 Bear Tavern Road, West Trenton, New

Jersey 08628

7.   At all times material here to Transunion is a consumer reporting agency regularly

engaged in the business of assembling, evaluating and disbursing information concerning

consumers for the purpose of furnishing consumer reports, as said term is defined under

15 U.S.C. § 1681(d) to third parties.

8.   At all times material hereto, Transunion disbursed such consumer reports to third parties

under a contract for monetary compensation.

9.   Defendant Experian Information Solutions, Inc., is a consumer reporting agency as

defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities

in this judicial district. Defendant Experian is an Ohio corporation registered to do

business in the State of New Jersey, and may be served with process upon the CT

Corporation System, its registered agent for service of process at 820 Bear Tavern Road, West Trenton, New Jersey 08628.

10. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant Barclays Bank Delaware is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and may be served with process at 125 S. West Street, Wilmington, DE 19801.

13. Defendant American Express Company is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service c/o the CT Corporation System, 820 Bear Tavern Road, West Trenton, New Jersey 08628.

## **FACTUAL ALLEGATIONS**

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Barclays Dispute and Violation

15. On information and belief, on a date better known to Defendant Transunion, Transunion prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to his Barclays account.

16. The inaccurate information furnished by Defendant Barclays and published by Transunion is inaccurate since the account contains an incorrect current pay status of "90-119 days late."

17. Upon information and belief, the Plaintiff has paid this account.

18. Despite this payment, and the fact that the Plaintiff no longer had an obligation to Barclays, Transunion continues to report that the Plaintiff's payment status as "90-119 says late."

19. The pay status is of significance. This field is specifically designed to be understood as the current status of the account. As such credit scoring algorithms take this data field into account when generating a credit score, and when it is showing this negative status, it would cause a lower credit score to be generated than a closed status.

20. In almost all instances creditors make their credit lending decisions based on these automatically generated credit scores.

21. For this reason, it is not appropriate to state that when the report as read as a whole contains enough information as to not harm the consumer, since the harm to the credit score is happening automatically with this false information.

22. Transunion has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

23. Plaintiff notified Transunion that he disputed the accuracy of the information Transunion was reporting on or around May 7, 2020.

24. It is believed and therefore averred that Transunion notified Defendant Barclays of the Plaintiff's dispute.

25. Upon receipt of the dispute of the account from the Plaintiff by Transunion, Barclays failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

26. Had Barclays done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Barclays that the current payment status was improperly listed as past due.

27. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, Transunion did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

28. Transunion violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

29. Had Transunion done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Transunion that the payment status was improperly listed.

30. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

31. As a result of Defendant's failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from

credit, a chilling effect on applications for future credit, and the mental and emotional

pain, anguish, humiliation and embarrassment of credit denial.

<u>Amex Dispute and Violation</u>

32. On information and belief, on a date better known to Defendant Experian, Experian

prepared and issued credit reports concerning the Plaintiff that included inaccurate and

misleading information relating to two of his Amex accounts (balance of $28,173 and

$18,267.)

33. The inaccurate information furnished by Defendant Amex and published by Experian is

inaccurate since the tradeline contains an incorrect date of status.

34. Specifically, the tradeline lists the date of status as May 2020. In point of fact, the

accounts in question have been inactive for years and should not appear as a new charge

off starting in May 2020.

35. Trade lines have a number of fields which convey a significant amount of information to

prospective creditors and which directly affect FICO credit scores.

36. The Date of Status field represents the day a debt is deemed uncollectible and thus

charged off. *Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 725 (S.D. Tex.

2013). The Date of Status corresponds to a separate Status segment of the trade line. The

Status segment reveals various forms of information concerning the trade line. The Date

of Status should remain uniform throughout each credit report disclosing the trade line as

this date does not change.

37. Defendant Experian improperly updated the activity status date, which falsely made the

account appear as a more current liability, thereby directly lowering the directly

Plaintiff's credit.

38. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

39. Plaintiff notified Experian that he disputed the accuracy of the information Experian was reporting on or around May 7, 2020.

40. It is believed and therefore averred that Defendant Experian notified Defendant Amex of the Plaintiff's disputes.

41. Upon receipt of the dispute of the account from Experian, Amex failed to timely conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed accounts.

42. Had Amex done a proper investigation it would have been revealed to Amex that date of status had been improperly accelerated.

43. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, Experian did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

44. Experian violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade lines within 30 days of receiving Plaintiff's dispute letter.

45. Had Experian done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Experian that the date of status was improperly changed.

46. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

47. As a result of Defendant's failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## **FIRST CAUSE OF ACTION**

### **(Willful Violation of the FCRA as to Transunion)**

48. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

49. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

50. Transunion violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

51. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)   The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e)   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)   The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h)   The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

53. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

54. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

55. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Moshe Goldberg, an individual, demands judgment in his favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Transunion)

56. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

57. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

58. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

59. Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

    h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

60. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

61. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

62. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Moshe Goldberg, an individual, demands judgment in his favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Experian)

63. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

64. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

65. Experian violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

66. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

a)   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)   The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e)   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)   The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h)   The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

67. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

68. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

69. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Moshe Goldberg, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Experian)

70. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

71. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

72. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting

reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

73. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

   h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

74. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on

future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

75. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

76. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Moshe Goldberg, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Barclays)

77. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

78. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

79. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

80. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

81. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a

furnisher such as the Defendant must be reported to other agencies which were supplied such information.

82. The Defendant Barclays violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

83. Specifically, the Defendant Barclays continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the inaccurate current payment status.

84. As a result of the conduct, action and inaction of the Defendant Barclays, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

85. The conduct, action and inaction of Defendant Barclays was willful, rendering Defendant Barclays liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

86. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Barclays in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Moshe Goldberg, an individual, demands judgment in his favor against Defendant Barclays for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## **SIXTH CAUSE OF ACTION**
### **(Negligent Violation of the FCRA as to Barclays)**

87. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

88. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

89. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

90. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

91. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

92. Defendant Barclays is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

93. After receiving the Dispute Notice from Transunion, Defendant Barclays negligently failed to conduct its reinvestigation in good faith.

94. A reasonable investigation would require a furnisher such as Defendant Barclays to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

95. The conduct, action and inaction of Defendant Barclays was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

96. As a result of the conduct, action and inaction of the Defendant Barclays, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

97. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Barclays in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Moshe Goldberg, an individual, demands judgment in his favor against Defendant Barclays, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## SEVENTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Amex)

98. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

99. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

100. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

101. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

102. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

103. The Defendant Amex violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

104. Specifically, the Defendant Amex continued to report these accounts on the Plaintiff's credit report with an incorrect date of status.

105. As a result of the conduct, action and inaction of the Defendant Amex, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

106. The conduct, action and inaction of Defendant Amex was willful, rendering Defendant Amex liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

107. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Amex in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Moshe Goldberg, an individual, demands judgment in his favor against Defendant Amex for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

### **EIGHTH CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to Amex)**

108. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

109. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

110. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

111. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

112. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

113. Defendant Amex is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

114. After receiving the Dispute Notice from Experian, Defendant Amex negligently failed to conduct its reinvestigation in good faith.

115. A reasonable investigation would require a furnisher such as Defendant Amex to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

116. The conduct, action and inaction of Defendant Amex was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

117. As a result of the conduct, action and inaction of the Defendant Amex, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

118. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Amex in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Moshe Goldberg, an individual, demands judgment in his favor against Defendant Amex, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

119. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15

U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g)  For any such other and further relief, as well as further costs, expenses and

disbursements of this action as this Court may deem just and proper.

Dated:  August 1, 2021

Respectfully Submitted,

/s/ Yaakov Saks

**Stein Saks, PLLC**
By:  Yaakov Saks
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 101
Fax: (201)-282-6501
ysaks@steinsakslegal.com